|  |  |
|---|---|
| MARIO E. MAYANS<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC,<br><br>Defendant. | Case No.: 19-cv-01681 W (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 2]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Pending before the Court is Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Def.'s Mot.* [Doc. 2].) The Court decides the matter on the papers submitted and without oral argument. Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 2] **WITH LEAVE TO AMEND.**

I. BACKGROUND

In 2003, Plaintiff Mario E. Mayans purchased the parcel of real property at 1027 10th Avenue, #3A in San Diego, California (the "Property"). (*Compl.*[1] ¶ 7, Ex. A.) In

---

[1] A copy of the Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A [Doc. 1-2].

2004, Plantiff refinanced the loan from National City Mortgage for $560,000, which was secured by a deed of trust for the senior lien on the property. (*Id.* ¶ 8.) In 2005, Plaintiff obtained another $150,000 mortgage loan from Chapel Mortgage Corporation, which was secured by a junior security interest. (*Id.* ¶ 9.)

In 2014, Defendant Specailized Loan Servicing, LLC ("SLS") notified Plaintiff that they became the owner or loan servicer for the $150,000 loan. (*Compl.* ¶ 10.) By 2019, Plaintiff alleges that SLS demanded that Plaintiff pay the loan or else SLS would begin foreclosure proceedings. (*Id.* ¶ 12.) As a result, Plaintiff agreed to a temporary payment plan in February 2019 to pay SLS $2,000 per month and avoid foreclosure. (*Id.*) However, SLS continued to threaten foreclosure. (*Id.*)

On July 22, 2019, Plaintiff filed this action to quiet title in the Superior Court of California for the County of San Diego against SLS. (*See Compl.*) On September 4, 2019, SLS removed the action to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. (*Not. of Removal* 3:3–5:2.) SLS now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted

this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

Well-pleaded allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Leave to amend should be freely granted when justice so requires. See Fed. R. Civ. P. 15(a). However, denial of leave to amend is appropriate when such leave would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996); Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997).

## III. DISCUSSION

Under California Code of Civil Procedure § 761.020, a complaint to quiet title over real property "shall be verified" and include five elements: (1) a legal description and the street address or common designation of the property; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Proc. § 761.020. "It is settled in California that a mortgagor cannot quiet title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934); see also Ferguson v. Avelo Mortg., LLC, 195 Cal. App. 4th 1618, 1623 (2011). Tender might not be required where it would be inequitable to do so when the plaintiff attacks the validity of the underlying debt. Ferguson, 195 Cal. App. 4th at 1624 (citing Onofrio v. Rice, 55 Cal. App. 3d 1018, 1022 (1989)).

1  Here, Plaintiff admits his verified Complaint does not include the date from which
2  the determination is sought. (*Pl.'s Opp'n.* [Doc. 3] at 5.) Based on this omission, the
3  Complaint fails to state a claim to quiet title under California law. See Cal. Code Civ.
4  Proc. § 761.020. Nevertheless, because Plaintiff can presumably cure this pleading
5  defect, Plaintiff will be given leave to amend. See Fed. R. Civ. P. 15(a)(2).

Next, SLS argues that Plaintiff's claim also fails because he has not tendered the outstanding debt. Plaintiff disputes the validity of SLS's interest as the assignee or servicer of a transferred loan. (*Compl.* ¶¶ 13, 14.) Based on these allegations, tender of payment is not required. Ferguson, 195 Cal. App. 4th at 1624.

SLS also asserts that dismissal is proper because it is the loan servicer and does not claim an interest in title that is adverse to Plaintiff's interest. (*Def.'s Mot.* 2:24–26.) As set forth above, in evaluating this motion, the facts alleged in the Complaint are deemend true and construed in a light most favorable Plaintiff. Vasquez, 487 F.3d at 1249. Here, Paintiff alleges SLS claimed to be the "new owner … of the subject loan." (*Compl.* ¶ 10.) Thus, Plaintiff sufficiently alleged SLS claims an adverse title to the Property.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 2] **WITH LEAVE TO AMEND**. Plaintiff has until **February 18, 2020**, to file a first amended complaint which cures the deficiency noted above. See Civ. L.R. 15.1

**IT IS SO ORDERED.**

Dated: February 5, 2020

Hon. Thomas J. Whelan
United States District Judge